**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NESTOR COREA LOPEZ, | ) | CASE NO. 4:26-CV-01163-CEF |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| TODD BLANCHE, *et al.* | ) | JENNIFER DOWDELL |
| | ) | ARMSTRONG |
| | ) | |
| Respondents. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |

## I.    INTRODUCTION

Petitioner, Nestor Corea Lopez ("Mr. Corea Lopez"), filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2241. (ECF No. 1). Mr. Corea Lopez names as respondents: Todd

Blanche, Acting United States Attorney General; Markwayne Mullin, Secretary of the United

States Department of Homeland Security; Todd M. Lyons, Acting Director of United States

Immigration and Customs Enforcement ("ICE"); and Robert Lynch, ICE Field Office Director

("Respondents").[1]

Mr. Corea Lopez asserts four grounds for relief, arguing that ICE is wrongfully detaining

him pending removal proceedings and that ICE arrested him without a judicial warrant in violation

of his Fourth Amendment rights. On May 21, 2026, the Court referred this matter to me to prepare

---

[1] In a footnote to their response (ECF No. 6), Respondents state that the proper respondent is the ICE Field Office Director for the field office in which Mr. Corea Lopez is detained. I agree. *See Roman v. Ashcroft*, 340 F.3d 314, 320-22 (6th Cir. 2003) (holding that the proper respondent in the immigration context is the INS District Director for the facility where the petitioner is being detained). I therefore recommend that the Court dismiss Acting Attorney General Blanche, DHS Secretary Mullin, and ICE Acting Director Lyons because they are not proper respondents. Mr. Corea Lopez alleges that Robert Lynch is the ICE Field Office Director for the Detroit, Michigan office. Respondents do not argue that the Court should substitute a different field office director for Mr. Lynch.

an expedited report and recommendation on Mr. Corea Lopez's petition. (ECF No. 3). On June 1, 2026, Respondents filed a combined response to Mr. Corea Lopez's petition and motion to dismiss. (ECF No. 6). Respondents argue that the Court should dismiss the petition because a habeas petition is not the proper vehicle to challenge the lawfulness of Mr. Corea Lopez's arrest and that Mr. Corea Lopez's detention is lawful under 8 U.S.C. § 1226(a).[2]

On June 3, 2026, Mr. Corea Lopez filed a combined traverse and opposition to Respondents' motion to dismiss. (ECF No. 7). Respondents did not file a reply to Mr. Corea Lopez's traverse. On June 18, 2026, Mr. Corea Lopez filed a motion to expedite consideration of his petition in light of unspecified medical issues that he says he has experienced since his detention began. (ECF No. 8).

For the reasons set forth below, I recommend that the Court GRANT Mr. Corea Lopez's petition to the extent he requests that the Court order Respondents to provide him with a bond hearing before an immigration judge. I also recommend that the Court order Respondents to provide Mr. Corea Lopez with that bond hearing within seven days of the date of the Court's order adopting my report and recommendation, or to immediately release him if they fail to do so. I further recommend that the Court DISMISS and/or DENY Mr. Corea Lopez's petition in all other respects. Finally, I recommend that the Court DENY Mr. Corea Lopez's motion to expedite a ruling on his petition as moot.

## II.    FACTUAL BACKGROUND

Mr. Corea Lopez is a native and citizen of Nicaragua. He arrived in the United States on an unknown date. On September 15, 2022, Texas Border Patrol agents apprehended Mr. Corea Lopez in Texas. (ECF No. 6-1). Mr. Corea Lopez was paroled into the United States and ordered

---

[2] In their response and motion to dismiss, Respondents state that Mr. Corea Lopez did not properly serve them with the petition and that they "do not waive service-related defenses." (ECF No. 6, PageID # 34 n.1). However, Respondents have not moved to dismiss the petition on service grounds.

to report to the local ICE office within 60 days. (ECF No. 1-5). Mr. Corea Lopez alleges that he has complied with all ICE reporting requirements. On or about August 27, 2024, Mr. Corea Lopez filed an asylum application, which remains pending. (ECF No. 1-6).

On April 26, 2026, police officers in Mansfield, Ohio stopped Mr. Corea Lopez while he was driving a vehicle with no identifiable VIN or registration. (ECF No. 6-1). On April 27, 2026, the United States Department of Homeland Security ("DHS") issued an administrative warrant for Mr. Corea Lopez's arrest. (ECF No. 6-2). On April 28, 2026, ICE officers arrested Mr. Corea Lopez at the Richland County Jail and transported him to the ICE Cleveland Office. (ECF No. 6-1). On the same day, DHS served Mr. Corea Lopez with a notice to appear for removal proceedings, stating that he was an alien present in the United States who had not been admitted or paroled. (ECF No. 6-3).

On May 19, 2026, Mr. Corea Lopez filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Mr. Corea Lopez asserts four grounds for relief, alleging that: (1) his detention is arbitrary and unlawful under 8 U.S.C. § 1226(a); (2) his continued detention violates his Fifth Amendment right to due process; (3) his arrest violated his Fourth Amendment rights because ICE arrested him without a judicial warrant and without probable cause; and (4) he is entitled to immediate release.

On May 21, 2026, the Court referred this matter to me to prepare an expedited report on Mr. Corea Lopez's petition. (ECF No. 3). On June 1, 2026, Respondents filed a combined response to Mr. Corea Lopez's petition and motion to dismiss. (ECF No. 6). On June 3, 2026, Mr. Corea Lopez filed a combined traverse and opposition to Respondents' motion to dismiss. (ECF No. 7). Respondents did not file a sur-reply to Mr. Corea Lopez's traverse. On June 18, 2026, Mr. Corea Lopez filed a motion to expedite a ruling on his petition based on unspecified medical issues he says he has experienced since he was detained. (ECF No. 8).

3

III.    ANALYSIS

A.  **Unlawful Detention Claims**

In his first, second, and fourth grounds for relief, Mr. Corea Lopez argues that his detention is unlawful in several respects and that the Court should order Respondents to immediately release him. Mr. Corea Lopez asserts that he is not subject to mandatory detention under the Immigration and Nationality Act and that he was detained without individualized findings to justify his detention; that he has complied with reporting requirements and has a pending asylum application; that he lacks any criminal history; that the Government has not shown that he is a flight risk or a danger to the community; and that his detention has become punitive.

Mr. Corea Lopez's claims are complicated somewhat by the way in which he presented them. As Respondents concede, the Sixth Circuit recently held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that aliens already present in the country who are not actively "seeking admission" to the United States are subject to 28 U.S.C. § 1226(a), under which detention is discretionary. *Id*. at 732. The court also held that the lower courts did not err in holding that aliens detained pursuant to § 1226(a) have a due process right to an individualized bond hearing before an immigration judge. *Id*. at 734.

Although the Sixth Circuit decided *Lopez-Campos* before Mr. Corea Lopez filed his habeas petition, however, he did not clearly argue in his petition that the Court should order Respondents to provide him with a bond hearing. Instead, he argued that a bond hearing was "insufficient" because his detention was unlawful from its inception, because he has no criminal history, and because his continued detention serves no regulatory purpose. (ECF No. 1, PageID # 6).

After Respondents noted in their response that Mr. Corea Lopez did not appear to be seeking a bond hearing, Mr. Corea Lopez clarified his position in his reply. He now argues that, if the Court determines that immediate release is not warranted, the Court should alternatively order Respondents to provide him with a prompt bond hearing, with the Government bearing the burden

4

of proof. (ECF No. 7; PageID # 61).

Mr. Corea Lopez arguably should have been clearer in his petition that he was relying on *Lopez-Campos* and that he believed the Court should, at a minimum, order Respondents to provide him with a bond hearing. Given Mr. Corea Lopez's clarification of his requested relief, I could recommend that the Court order him to file a motion for leave to file an amended petition. However, the scheduling order I entered in this case expressly provided that Respondents had five days from the filing of Mr. Corea Lopez's traverse to file a reply "when the Traverse raises issues or arguments not addressed in the Answer." (ECF No. 4, PageID # 31). I also informed Respondents that I would "consider [their] decision not to file a Reply as certification that all issues and arguments raised by Petitioner have been fully addressed." *Id*. Because Respondents had an opportunity to respond to Mr. Corea Lopez's argument that he is entitled to a bond hearing, and because the Sixth Circuit's decision in *Lopez-Campos* controls, I will proceed to consider Mr. Corea Lopez's argument on the merits notwithstanding his arguable failure to clearly raise the bond issue in his petition.[3]

As noted above, the Sixth Circuit directly addressed the question of whether aliens present in the country are entitled to a bond hearing in *Lopez-Campos*. The court rejected the Government's argument that aliens who are already present in the country are "applicant[s] for admission" who are "seeking admission" under  8 U.S.C. § 1225(b)(2)(A), and thus must be

---

[3] In other cases, the Government has argued that petitions like Mr. Corea Lopez's should be dismissed for failure to exhaust administrative remedies. I have previously joined a number of other courts in this district in holding that exhaustion is either not required or should be excused. *See Aguayo Montes v. Hildenbrand*, No. 1:26-cv-00919-SO, 2026 WL 1242898, at *4-6 (N.D. Ohio May 6, 2025), *report and recommendation adopted in part*, 2026 WL 1413066 (N.D. Ohio May 20, 2026). Mr. Corea Lopez's petition presents a slight wrinkle, as, unlike *Aguayo Montes* and many other cases dealing with exhaustion in this context, he has never requested a bond hearing before an immigration judge and has never filed a motion for bond in the immigration court. However, several courts in this circuit have held that exhaustion is either not required or should be excused even where a petitioner does not seek an initial bond hearing before the immigration judge. *See Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *2 (W.D. Ky. Nov. 20, 2025); *Urrutia-Diaz v. Ladwig*, No. 2:25-cv-03098-TLP-atc, 2025 WL 3689158, at *3-4 (W.D. Tenn. Dec. 19, 2025); *Singh v. Raycraft*, No. 1:26-cv-136, 2026 WL 962003, at *3-4 (S.D. Ohio Apr. 9, 2026). Those decisions are persuasive, and I recommend that the Court hold that exhaustion is not required or, alternatively, that any exhaustion requirement should be excused.

5

detained pending removal proceedings. The court held, in a split decision, that aliens already present in the country who are not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" are not "seeking admission" and "are thus not subject to § 1225(b)(2)(A)'s mandatory detention scheme." *Lopez-Campos*. 175 F.4th at 723. Instead, those aliens are subject to § 1226(a). *Id*. at 732. In light of that determination, the court also held that the district courts did not err in holding that petitioners had a Fifth Amendment due process right to an individualized bond hearing. *Id*. at 734.

*Lopez-Campos* controls here. Respondents concede that Mr. Corea Lopez was already present in the country when border patrol agents first detained him. Respondents further concede that Mr. Corea Lopez was detained and put into removal proceedings several years later after Mansfield police officers stopped him while he was driving an unregistered vehicle. Because Mr. Corea Lopez was already present in the country and was not actively seeking admission, § 1226(a) controls and Mr. Corea Lopez is entitled to a bond hearing. I therefore recommend that the Court grant Mr. Corea Lopez's petition to the extent that he is seeking a bond hearing.

Mr. Corea Lopez argues that he should be immediately released, rather than merely receiving a bond hearing, pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), which held that prolonged detention pending removal can violate constitutional limits. As Respondents correctly argue, however, *Zadvydas* is inapplicable to the facts presented here.

In *Zadvydas*, the Court considered 8 U.S.C. § 1231(a)(6), which provides that the Government may continue to detain an alien who has been ordered removed if the Government fails to remove the alien during the 90-day removal period. The Court held that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem." 533 U.S. at 690. To avoid those problems, the Court "construe[d] the statute to contain an implicit

6

'reasonable time' limitation, the application of which is subject to federal-court review." *Id*. at 682. The Court set the reasonable time period at six months. *Id*. at 701. After the six-month period expires, a detainee may seek release by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . ." *Id*. at 701.

Importantly, however, § 1231(a) applies only to aliens who are subject to a final order of removal. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (noting that the removal period begins "after the entry of a final order of removal against a noncitizen"). Mr. Corea Lopez does not yet have a removal order against him, let alone one that is administratively final. *See Toshboltaev v. Ice*, No. 4:25-CV-02253-JRK, 2026 WL 113561, at *2 (N.D. Ohio Jan. 15, 2026) (noting that petitioner's order of removal "became administratively final . . . after the BIA dismissed his appeal"), *report and recommendation adopted*, 2026 WL 487795 (N.D. Ohio Feb. 20, 2026); *Laub v. Sec'y, Dep't of Homeland Security*, No. 1:18-cv-499, 2019 WL 95919, at *3 (S.D. Ohio Jan. 3, 2019) (report and recommendation) ("petitioner's removal period [under *Zadvydas*] did not begin until October 12, 2018, when the BIA issued its decision denying petitioner's appeal"). Because Mr. Corea Lopez does not have a final order of removal, *Zadvydas* is inapplicable.

I have also considered Mr. Corea Lopez's other arguments for immediate release, including that he is not a flight risk or an imminent danger; that he has complied with reporting requirements and has a pending asylum application; and that he was arrested without meaningful procedural safeguards. In light of *Lopez-Campos*, however, I conclude that the more appropriate remedy is to order Respondents to provide Mr. Corea Lopez with a bond hearing rather than ordering his immediate release. Accordingly, I recommend that the Court order Respondents to provide Mr. Corea Lopez with a bond hearing before an immigration judge within seven days of the Court's order adopting my report and recommendation, or to immediately release Mr. Corea Lopez if they

fail to do so.

### B. Fourth Amendment Claim

In addition to arguing that he is entitled to immediate release or a bond hearing, Mr. Corea Lopez asserts in his third ground for relief that his Fourth Amendment rights were violated because ICE arrested him without a judicial warrant and without probable cause that he posed a danger or a flight risk.

It is not entirely clear whether Mr. Corea Lopez is asserting a separate Fourth Amendment claim or whether he is merely arguing that the absence of a judicial warrant is one factor demonstrating the unreasonableness of his continued detention. In his petition, Mr. Corea Lopez appears to assert his Fourth Amendment argument as a stand-alone claim, asking the Court to declare that his warrantless arrest was unreasonable and constitutionally infirm. In his traverse, however, he argues only that "an administrative warrant does not automatically render continued detention constitutional" and that "[a] warrant issued by the detaining agency itself cannot substitute for meaningful, neutral review of whether detention remains necessary." (ECF No. 7, PageID # 53).

To the extent Mr. Corea Lopez is asserting an independent Fourth Amendment claim, at least one court in this district has held that "[a] § 2241 petition is not the appropriate vehicle to challenge the circumstances of an arrest because a party 'may not pursue a civil rights action in a *habeas* petition.'" *Mbulih v. Immigration & Customs Enforcement*, No. 4:26-CV-00530, 2026 WL 1429224, at *4 (N.D. Ohio May 21, 2026) (quoting *McElroy v. Leonbruno*, No. 1:23 CV 203, 2023 WL 3852593, at *2 (N.D. Ohio May 23, 2023)); *see also Alonso-Portillo v. Bondi*, No. 1:25-CV-306, 2025 WL 2483393, at *11 (S.D. Ohio Aug. 28, 2025) (holding that alleged Fourth Amendment violations did not provide basis for alien's immediate release from custody). I therefore recommend that the Court dismiss Mr. Corea Lopez's third ground for relief to the extent

he is seeking to challenge the circumstances of his arrest in this proceeding.

Conversely, to the extent that Mr. Corea Lopez is merely arguing that the administrative warrant is not, by itself, enough to justify his continued detention, I have already concluded that he is entitled to a bond hearing under *Lopez-Campos*. If the Court adopts my recommendation, Mr. Corea Lopez will be free to present his arguments regarding whether he poses an ongoing danger or a flight risk to the immigration judge conducting the bond hearing.

### C. **Mr. Corea Lopez's Motion for an Expedited Ruling in Light of Medical Complications**

Finally, Mr. Corea Lopez has filed a motion for an expedited ruling on his petition in light of certain unspecified medical complications that he says he has experienced during his detention. (ECF No. 8). In light of my recommendation that the Court grant in part Mr. Corea Lopez's habeas petition and order Respondents to provide him with a bond hearing, as well as the Court's prior order instructing me to prepare an expedited report and recommendation on the petition, I recommend that the Court deny Mr. Corea Lopez's motion as moot.

## IV.     RECOMMENDATION

For the reasons set forth above, I recommend that the Court GRANT IN PART Mr. Corea Lopez's § 2241 petition for a writ of habeas corpus. I also recommend that the Court ORDER Respondents to provide Mr. Corea Lopez with a bond hearing before an immigration judge within seven (7) days of the Court's order adopting my report and recommendation, or to immediately release him if they fail to do so. I further recommend that the Court DISMISS and/or DENY Mr. Corea Lopez's petition in all other respects. I additionally recommend that the Court DISMISS Acting Attorney General Todd Blanche, Secretary Markwayne Mullin, and Acting Director Todd M. Lyons as respondents. Finally, I recommend that the Court DENY AS MOOT Mr. Corea Lopez's motion to expedite consideration of his petition.

Dated: June 23, 2026

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same

10

argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).